Case 1:25-mj-00154-MAU    Document 1-1

Case: 1:25-mj-00154
Assigned To: Judge Upadhyaya, Moxila A.
Assign. Date: 8/20/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

1. On August 18, 2025, at approximately 8:30 p.m., Metropolitan Police Department ("MPD") Fifth District Suppression Team officers Daniel Reid, Tony Nguyen, and Manuel Sibrian were patrolling the area near the intersection of Florida Avenue NE and Fourth Street NE, near the Union Market district, with federal law enforcement officers. Law enforcement was patrolling this area because, over the past year, within 2,000 feet of the Union Market district, there have been approximately 6 assaults with a dangerous weapon, 20 robberies, and 11 burglaries. Officers have also made numerous firearms arrests in this area.

2. Officers, who were in MPD uniform and driving fully marked MPD vehicles, were traveling westbound near the intersection of Florida Ave NE and 4th Street NE when they observed Torez RILEY, a black male, wearing a light gray hoodie, dark color jeans, a white skull cap, and a black crossbody satchel walking eastbound on the northside sidewalk in the 300 block of Florida Ave NE towards the Trader Joe's. Officer Reid and Officer Nguyen, who were traveling in the same marked police vehicle, observed RILEY look at their vehicle and grab the upper strap of his black satchel and pull the satchel slightly to the left and closer to his body, away from officers. Officer Reid observed RILEY stop looking at the officer's cruiser and continue walking towards the intersection of Florida Avenue NE and 4th Street NE.

3. Officer Sibrian made a U-turn and began driving the officers' cruiser back towards 4th Street NE. Officer Reid then observed RILEY look directly back at the officers' cruiser and stare before turning onto 4th Street NE and walking north. Officer Reid and Officer Nguyen exited the police cruiser and attempted to make contact with RILEY. Officer Reid

and Officer Nguyen observed RILEY enter the main door of the Trader Joe's grocery store located at 350 Florida Avenue NE and followed RILEY into the Trader Joe's. Officer Nguyen approached RILEY inside the main entrance of the Trader Joe's and asked him if he had a license to carry a concealed firearm in the District of Columbia. RILEY responded no and that he was not carrying anything. Officer Nguyen then told RILEY that he observed him do a security check on his satchel. RILEY responded that he did not do that and was checking his chest because his chest hurt. At the same time, officers observed RILEY place his hand above his chest. Officers continued to observe RILEY'S satchel and noticed that the satchel appeared to be heavy as if a heavy object was weighing down the satchel. Based on the officers' training, knowledge, and experience in conducting investigations of individuals carrying illegal firearms, officers believed that the RILEY'S actions were consistent with that of an individual concealing an illegal firearm. Your affiant is aware that individuals frequently use crossbody satchels of this size to carry illegal firearms.



**Figure 1 – RILEY wearing the satchel in the Trader Joe's located at 350 Florida Ave NE.**

4. Officer Ngyuen proceeded to conduct a protective pat down of the exterior of RILEY'S satchel and immediately felt the presence of a firearm. Officers placed RILEY in handcuffs, unzipped the main pocket of RILEY'S satchel, and observed two firearms inside of the bag. Officer Reid removed the satchel from RILEY and officers recovered the two firearms.

5. One of the recovered firearms was black 9mm with a Polymer 80 lower receiver with no serial number and a Glock 26 slide with serial number BVVK641. The firearm was loaded with 9 rounds of ammunition in a magazine with a 10-round magazine capacity. The firearm was equipped with a Holosun sight and a Hogue grip. The other recovered firearm was a black 9mm Polymer 80 ghost gun that was loaded with 16 rounds of ammunition in a magazine with a 17-round capacity. The firearm had one round loaded in the chamber.



**Figure 2 – Two firearms in RILEY'S satchel.**

6. Your affiant is aware that a Polymer 80 firearm is also referred to as a ghost gun. A ghost gun is a firearm that can be assembled without a serialized number. Parts of a ghost gun firearm can be interchanged with other firearm parts.



**Figure 3 – Left: RILEY'S Satchel. Middle: black 9mm with a Polymer 80 lower receiver with no serial number and a Glock 26 slide with serial number BVVK641 loaded with 9 rounds of ammunition in a magazine with a 10-round magazine capacity. Right: black 9mm Polymer 80 ghost gun that was loaded with 16 rounds of ammunition in a magazine with a 17-round capacity.**

7. At the time both firearms were recovered from RILEY'S satchel, both firearms appeared to be fully functional, designed to expel a projectile by means of an explosive action, had a barrel length of less than twelve inches, and had the ability to be fired by the use of single hand.

8. Officers confirmed RILEY'S identity via his District of Columbia identification card and determined that RILEY had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. RILEY was previously convicted of Possession with

Intent to Distribute Marijuana in Brunswick Circuit Court case number CR14000135-00 and sentenced to 5 years incarceration, 4 years and 10 months suspended. RILEY was also previously convicted of Carrying a Pistol Without a License in D.C. Superior Court case number 2017 CF2 014254 and of Illegal Possession of a Regulated Firearm in Prince George's County Circuit Court case number CT210690X. Accordingly, RILEY would have been aware that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year at the time he was found in possession of the firearm and ammunition.

9. Your affiant is aware that no firearms or ammunition are manufactured within the District of Columbia. Therefore, the recovered firearms and ammunition traveled in and affected interstate commerce.

10. As such, your affiant submits that probable cause exists to charge Torez RILEY with violation of 18 U.S.C. § 922(g)(1), which makes it a crime for a convicted felon to possess a firearm and ammunition, and 22 D.C. Code § 4503(a)(1).

_____
Officer Daniel Reid
Metropolitan Police Department

*Respectfully submitted and attested to in accordance with the requirements of Federal Rule of Criminal Procedure 4.1 by telephone on August 20, 2025.*

Subscribed and sworn to before me on the 20th day of August, 2025.

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE